UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 NICOLE U. WILSKI,
D-2 JAMES S. RAHAIM,

    Defendants.
_____/

Case: 2:25−cr−20347
Assigned To : Edmunds, Nancy G.
Referral Judge: Patti, Anthony P.
Assign. Date : 5/13/2025
Description: INFO USA V. WILSKI ET AL (MC)
Violations:
18 U.S.C. § 1343
18 U.S.C. § 152(2)

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT ONE
### 18 U.S.C. § 1343 - WIRE FRAUD
### AFFECTING A FINANCIAL INSTITUTION

**D-1 NICOLE U. WILSKI**

### Background on Paycheck Protection Program

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who

1

were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized additional PPP funding.

To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan often provided documentation supporting their purported payroll expenses.

A PPP loan application had to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were generally guaranteed by Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

Businesses were permitted to use PPP loan proceeds only for certain permissible expenses – "to support ongoing operations," "retain workers and make payroll," interest on mortgages, rent, utilities and other explained business expenses. The PPP program allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds.

### **WILSKI's Fraudulent Scheme**

Between approximately April 21, 2020, and July 2021, in the Eastern District of Michigan, the defendant, NICOLE U. WILSKI ("N. WILSKI"), devised and intended to devise a scheme to defraud a lender

participating in the PPP program and the federal government, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises. Specifically, defendant N. WILSKI made and caused to be made materially false and fraudulent pretenses, representations, and promises to Albany Bank, a federally insured financial institution under 18 U.S.C. 20, and the SBA, that she was the owner of an existing and operational restaurant business, Baby Buford LLC, with an average monthly payroll of $476,532, in order to receive a loan under the federal government's PPP program. Besides Baby Buford LLC, N. WILSKI was the owner/operator of several other similar restaurants using the Baby Buford name. As of on or about April 21, 2020, the date N. WILSKI initially applied for the PPP loan, N. WILSKI knew that Baby Buford LLC and her other Baby Buford businesses were ineligible for loans under the program because Baby Buford LLC had closed, most of her other Baby Buford businesses had already closed, and the remaining businesses were in the process of closing. For the purpose of executing this scheme, which affected a financial institution, defendant N. WILSKI transmitted and caused to be transmitted by means of wire communication in interstate commerce

writings, signs, signals, pictures, and sounds, including $938,223 in electronic transmission of PPP proceeds from the out of-state financial institution, Albany Bank, to N. WILSKI's Albany Bank account, which the defendant accessed from the Eastern District of Michigan, all in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
## 18 U.S.C. § 1343 - WIRE FRAUD

**D-2 JAMES S. RAHAIM**

### Background on Unemployment Insurance and the COVID-19 Pandemic

The Social Security Act of 1935 initiated the federal and state unemployment insurance (UI) system. The UI system provides benefits to individuals who are unemployed for reasons beyond their control. The purpose of the UI system is twofold: first, to lessen the effects of unemployment through cash payments made directly to laid-off workers, and second, to ensure that life necessities are met on a weekly basis while the worker seeks employment. In Michigan, the UI system is administered by the State of Michigan Unemployment Insurance Agency (SMUIA).

Since Spring 2020, the federal government has provided significant supplemental benefits to the State of Michigan because of the COVID-19 pandemic. Beginning in or about March 2020 and continuing through the present, the Families First Coronavirus Response Act (FFCRA); Coronavirus Aid, Relief, and Economic Security (CARES) Act; and American Rescue Plan Act of 2021 (ARPA) have created federal programs that allowed for the significant outlay of federal funds flowing to and through the states to offset the historic need for unemployment benefits by the American workforce, including in the Eastern District of Michigan. Collectively, these benefits are oftentimes referred to as Pandemic Unemployment Assistance (PUA).

### RAHAIM's Fraudulent Scheme

Between in or about April 2020 through in or about September 2020, in the Eastern District of Michigan, defendant, JAMES S. RAHAIM ("J. RAHAIM"), knowingly devised and intended to devise a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations.

The purpose of the scheme and artifice to defraud was for J. RAHAIM to unlawfully obtain PUA UI benefits from the SMUIA.

It was part of the scheme and artifice that J. RAHAIM used the internet to submit false and fraudulent UI benefit claims to the SMUIA, falsely certifying that he was unemployed when in fact, as defendant J. RAHAIM then and there knew, he was employed and receiving wages.

It was further a part of the scheme and artifice that, for his submitted UI benefit claims, J. RAHAIM failed to report any earnings while collecting UI payments. Specifically, J. RAHAIM failed to report over $89,000 in wages he received during the same time frame from his employment at Jackson Nissan, and separately during the same period, receipt of approximately $47,000 in funds represented to be income from an entity, Baby Buford 23 Mile, LLC, which his wife and co-defendant, N. WILSKI, owned and controlled.

It was further a part of the scheme and artifice that, for the submitted UI benefit claims, J. RAHAIM would cause the SMUIA to wire UI payments into a bank account he controlled at Chase Bank.

During the time period set forth above, in the Eastern District of Michigan, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, J. RAHAIM knowingly transmitted and caused the transmission by means of wire

7

communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in the form of interstate electronic transfers of funds totaling at least $15,080 into a JP Morgan Chase Bank account he controlled, representing UI benefits he fraudulently obtained in his name, all in violation of Title 18, United States Code, Section 1343.

## COUNT THREE
## 18 U.S.C. § 152(2) – FALSE OATH IN BANKRUPTCY

**D-2 JAMES S. RAHAIM**

On or about January 14, 2022, in the Eastern District of Michigan, JAMES S. RAHAIM ("J. RAHAIM"), defendant herein, knowingly and fraudulently made a false material statement under oath in and in relation to a case under Title 11, *In re: James S. Rahaim and Nicole U. Wilski*, Bankruptcy case No. 21-49345, by falsely testifying under oath in a proceeding conducted by the U.S. Trustee's office and when questioned by the Chapter 11 SubChapterV Trustee, that he only had a fake or replica watch when, in fact, the defendant knew that he owned a De Grisogono Instrumento Doppio watch that he had purchased on or about June 17, 2021, for over $10,000, all in violation of Title 18, United States Code, Section 152(2).

8

## FORFEITURE ALLEGATION
## 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)
## CRIMINAL FORFEITURE

The allegations contained in Counts One through Three of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of the offenses set forth in Counts One through Three of this Information, the defendants, NICOLE U. WILSKI and JAMES S. RAHAIM, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to: Miscellaneous Jewelry, 23-FBI-005911. As part of the forfeiture in this case, the United States intends to seek a forfeiture money judgment for each defendant for the total amount of proceeds that each defendant obtained as a result of his or her violation(s).

If any of the property described above, as a result of any act or omission of the defendant:

9

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall seek forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

JEROME F. GORGON, JR.
United States Attorney

/s/Catherine Morris
Catherine Morris
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI  48226
(313) 226-9562
Catherine.Morris@usdoj.gov

/s/Richard Roble
Richard Roble
Special Assistant United States Attorney
(313) 348-8179
Richard.Roble@usdoj.gov

[signatures continued on next page]

/s/Ryan A. Particka
Ryan A. Particka
Chief, White Collar Crime Unit
Assistant United States Attorney
(313) 226-9635
Ryan.Particka@usdoj.gov

Date: May 13, 2025

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number | 2:25-cr-20347 |
|---|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: |

**Case Title:** USA v. D-1 Nicole U. Wilski, D-2 James S. Rahaim

**County where offense occurred:** Wayne

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/ ✓ Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

May 13, 2025
Date

*s/ Richard Roble*
Richard Roble
Special Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 348-8179
Fax:    313-226-2873
E-Mail address: richard.roble@usdoj.gov
Attorney Bar #: P51429

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.